| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

| MARIE L. BANKS, | |
| --- | --- |
| Plaintiff, | MEMORANDUM AND ORDER |
| - versus - | 12-CV-4031 (JG)(RER) |
| NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE; POLICE OFFICER XYLAS, QUIZ; STATE POLICE IN ALBANY; MR. ALLURSCON TROOP, | |
| Defendants. | |

JOHN GLEESON, United States District Judge:

  Plaintiff Marie L. Banks commenced this *pro se* on action on August 10, 2012, and seeks leave to proceed *in forma pauperis*. For the reasons set forth below, her request to proceed *in forma pauperis* is granted solely for the purpose of this Order, and the complaint is dismissed pursuant to 28 U. S. C. § 1915(e)(2)(B).

## BACKGROUND

  Banks's complaint involves a dispute over taxes owed to the State of New York by her son, Carl E. Gervais, and a visit by police officers identified as Xylas and Quiz to her home on August 8, 2012. Banks alleges that the New York State Department of Taxation and Finance closes its offices too early (at 3 p.m.); refuses "to give a transcript of payment and send[s] [its] associates to steal payment receipt"; and refuses to allow her to obtain a power of attorney over her son. Compl. ¶ 3. Her claim against the police officers is that they knocked on her door because she is "harassing the Notorious Marxist Society Thieves." *Id.* ¶ 4. The other paragraphs of her complaint set forth claims of alleged mass torture, the loss of her nursing

license in 1989, and various allegations regarding banks, Al Qaeda and brainwashing, among other things.

## DISCUSSION

A. *Standard of Review*

Under 28 U.S. C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, a plaintiff must establish that the court has subject matter jurisdiction over the action. *See, e.g.*, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available when a federal question is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh*, 546 U.S. at 514.

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

B.  *Analysis*

Banks's complaint must be dismissed for lack of subject matter jurisdiction. Banks does not allege any facts that would support federal subject matter jurisdiction. Her allegations do not appear to raise any issues of federal law nor are there grounds for diversity jurisdiction.[1] The complaint's conclusory references to robbery, terrorism, torture and kidnapping are insufficient to establish federal subject matter jurisdiction. *See, e.g.*, *Banks v. Constantine*, No. 12-CV-3239 (JG) (RER), 2012 WL 2803616, at *2 (E.D.N.Y. July 10, 2012) (citing *Novikova v. IRS*, No. 04-CV-5324 (DLI) (LB), 2007 WL 2891301, at *9 (E.D.N.Y. Sept. 28, 2007)).

Because the defects in subject-matter jurisdiction do not appear to be curable, the complaint is dismissed without leave to amend. *See id.* (citing *Ruffolo v. Oppenheimer & Co.*,

---

[1] To the extent Banks's allegations regarding the visit to her home by two police officers could be construed as purporting to assert some kind of Fourth Amendment violation, the allegations are insufficient to state a

3

987 F.2d 129, 131 (2d Cir. 1993); *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 455–56 (S.D.N.Y. 2001)).

CONCLUSION

For the reasons stated above, the complaint is dismissed. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close the case.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 30, 2012
      Brooklyn, New York

---

plausible claim. Banks does not allege that she was arrested or that her liberty was restrained in any way by the officers who visited her home.